IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIO MALDONADO,

    Plaintiff,                             No. CIV S-10-1944 DAD P

    vs.

RODRIQUEZ, et al.,

    Defendants.                  <u>ORDER</u>

                                   /

          Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**PLAINTIFF'S IN FORMA PAUPERIS APPLICATION**

          Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

          Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. <u>See</u> 28

U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

550 U.S. 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In his complaint, plaintiff has named the following as defendants: Rodriquez, Bal, Hamkar, Iskikian, Modhaddam, and Sohota.  (Compl. at 2-3.)  Plaintiff alleges as follows.  On

3

1  December 19, 2007, while incarcerated, plaintiff underwent heart surgery. (Id. at 5.[1]) Plaintiff
2  was subsequently transferred to California State Prison, Sacramento (CSP-Sac) on July 2, 2008.
3  (Id.) Upon his arrival at CSP-Sac, plaintiff's medications were confiscated from him by prison
4  staff. (Id.) Some of these medications were prescribed to plaintiff in order to reduce his blood
5  pressure and pain. (See id.)

6          On July 18, 2008, plaintiff was seen by defendant Dr. Hamkar. (Id.) Defendant
7  Hamkar failed to provide plaintiff with his medications for high blood pressure and pain. (See
8  id. at 6.) Thereafter, from July 18, 2008 to August 9, 2008, plaintiff repeatedly requested refills
9  of his blood pressure medication from defendant Rodriquez. (Id.) Rather than provide plaintiff
10 with medication, defendant Rodriquez falsified documents to make it appear as though plaintiff
11 had received his medications, when in fact he had not. (Id. at 3, 6.)

12         On September 4, 2008, plaintiff filed an inmate grievance regarding defendant
13 Rodriquez' actions. (See id. at 14.) At the first level of review, plaintiff's grievance was denied.
14 (See id. at 19.) Plaintiff was informed by prison officials that all non-formulary medication
15 requests must be pre-approved by defendant Sahota and that the process often caused a delay in
16 the ordering of an inmate's medications. (See id.) At the second level of review, defendant Bal
17 partially granted plaintiff's appeal but found that defendants Modhaddam and Iskikian had
18 diagnosed and treated plaintiff as necessary. (Id. at 21-22.) However, according to plaintiff, he
19 has never been seen by either of those doctors. (Id. at 8.) Plaintiff's administrative appeal was
20 finally denied at the Director's Level on November 18, 2009. (See id. at 10-12.)

21         Based on the above allegations, plaintiff claims that defendants provided him with
22 inadequate medical care. (See id. at 4.) In terms of relief, plaintiff seeks monetary damages. (Id.
23 at 3.)
24 /////

---

[1] The pages in plaintiff's complaint are not fully numerated. Accordingly, the court will cite to the pages of the complaint as they appear on CM/ECF.

**DISCUSSION**

The Eighth Amendment of the Constitution prohibits the infliction of "cruel and unusual punishments." In Estelle v. Gamble, 429 U.S. 97 (1976), the United States Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the alleged mistreatment amounted to a "deliberate indifference to serious medical needs." Id. at 106. In applying this standard, the Ninth Circuit has held that the "indifference to [the inmate's] medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

Here, plaintiff's complaint appears to state a cognizable Eighth Amendment claim against defendant Rodriquez. In this regard, plaintiff alleges that defendant Rodriquez was aware of plaintiff's serious heart condition and medication needs but, nevertheless, denied him his medication on several occasions and falsified documents to make it appear as though plaintiff had received his medication. If these allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this claim.

The court also finds, however, that the current allegations of plaintiff's complaint are too vague and conclusory to state cognizable claims against defendants Bal, Hamkar, Iskikian, Modhaddam, and Sohota. Plaintiff has failed to allege facts demonstrating an affirmative, causal link between the actions of these defendants and the claimed deprivation of plaintiff's constitutional rights. In fact, plaintiff himself states in his complaint that he has never been seen or treated by some of these defendants. If such is the case, there can be no liability under § 1983 as to those defendants. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

Accordingly, the court will dismiss the complaint with leave to amend and allow plaintiff an opportunity to cure the deficiencies noted above, to the extent possible. If plaintiff elects to file an amended complaint, he is informed that once he files the amended complaint, the court cannot refer to his prior pleadings to make his amended complaint complete. See Local

5

Rule 220. This is because, as a general rule, an amended complaint supercedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, plaintiff must sufficiently allege each claim and the involvement of each defendant in any amended complaint he elects to file. To the extent that the court has found that the complaint appears to state a cognizable claim against defendant Rodriquez, plaintiff must restate his allegations as to this defendant in any amended complaint he elects to file.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's July 26, 2010 application to proceed in forma pauperis (Doc. No. 3) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint (Doc. No. 1) is dismissed;

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: September 7, 2010.

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
mald1944.14

6