IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIO MALDONADO,

    Plaintiff,                      No. CIV S-10-1944 DAD P

    vs.

RODRIGUEZ, et al.,               ORDER AND

    Defendants.             FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is before the court on a motion to dismiss brought on behalf of defendant Gandy. Plaintiff has filed an opposition to the motion as well as an addendum to that opposition. Counsel for defendant has not filed a reply.

**BACKGROUND**

        Plaintiff is proceeding on an amended complaint against defendant Nurses Gandy, Green, and Rodriguez.[1] Therein, he alleges that his doctors prescribed him with heart medication

---

[1] Defendants Green and Rodriguez have not yet appeared in this action due to service issues. However, defense counsel recently informed the court that the last known address for defendant Rodriguez has been obtained and authorization was secured from the Receiver's Office at California State Prison, Sacramento, to accept service on behalf of defendant Green. On November 22, 2011, defense counsel sent a letter containing this information via facsimile

1

1  after he underwent heart surgery in December 2007.  According to plaintiff, in August 2008, the
2  defendant nurses refused to provide him with his medication and falsified his medical records to
3  indicate that they had given him the prescribed medication when in fact, they had not.  Plaintiff
4  alleges that he ultimately was required to undergo a second heart surgery as a result of the
5  defendant nurses' refusal to provide him with proper medical care.  In terms of relief, plaintiff
6  requests a declaratory judgment and monetary damages.  (Am. Compl. (Doc. No. 8) at 1-10 &
7  Ex. H.)

**DEFENDANT'S MOTION TO DISMISS**

I. <u>Defendant Nurse Gandy's Motion</u>

   Pursuant to Rule 12(b)(6), defense counsel moves to dismiss plaintiff's claims on the grounds that he failed to allege that defendant Nurse Gandy participated in any violation of his constitutional rights.  Specifically, counsel contends that plaintiff has not alleged that defendant Nurse Gandy disregarded an excessive risk to plaintiff's health or safety or that he suffered a serious injury as a result of defendant Nurse Gandy's conduct.  (Def.'s Mot. to Dismiss (Doc. No. 20) at 1, 3-4.)

   Pursuant to unenumerated Rule 12(b), defense counsel also moves to dismiss plaintiff's claims on the grounds that he failed to exhaust his administrative remedies.  Specifically, counsel contends that plaintiff's primary complaint as expressed in his inmate appeal was that Nurse Rodriguez failed to provide him with blood pressure medication and falsified records to show that she had given him medication when she had not.  Counsel contends that in his prison grievance plaintiff did not complain about defendant Nurse Gandy's alleged conduct or her failure to properly supervise Nurse Rodriguez.  In this regard, counsel asserts that plaintiff failed to put prison officials on notice of the allegations against defendant Nurse Gandy

/////

---

and U.S. mail to the U.S. Marshal's Office, which was previously directed by the court to take all steps necessary to request a waiver of service and/or to personally serve these defendants.

which he has included in his amended complaint and therefore plaintiff has not satisfied the exhaustion requirement. (Def.'s Mot. to Dismiss at 1, 4-8 & Ex. A & Attachs. 1-5.)

II. Plaintiff's Opposition

In opposition to defendant Nurse Gandy's motion to dismiss, plaintiff argues that he alleges in his amended complaint that defendant Nurse Gandy knew that he was not receiving his medication and tried to cover up the denial and delay of his medical care. In addition, plaintiff contends that he alleges that defendant Nurse Gandy, as a supervisor, had knowledge of and acquiesced to unconstitutional conduct by her subordinates in connection with his medical care. (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 1-4.) Plaintiff also argues that he has exhausted his administrative remedies, contending that he submitted numerous appeals regarding his alleged inadequate medical care and pursued them through the director's level of review. (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 5-7 & Exs. A-F.)

**ANALYSIS**

I. Motion Pursuant to Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable

inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986). See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320). To prevail on an Eighth Amendment claim the plaintiff must allege and ultimately show that objectively he suffered a "sufficiently serious" deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-

99 (1991). The plaintiff must also allege and show that subjectively each defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. Farmer, 511 U.S. at 834.

It is well established that "deliberate indifference to serious medical needs of prisoners constitutes 'unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 104; McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

In this case, the court finds defense counsel's argument that plaintiff's amended complaint fails to state a cognizable claim against defendant Nurse Gandy to be unpersuasive. As defense counsel is aware, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

On March 28, 2011, the court screened plaintiff's amended complaint and found that it appeared to state cognizable claims for relief against defendant Nurses Gandy, Rodriguez, and Green. In screening plaintiff's amended complaint and ordering service of it on the defendants, the court determined that there were allegations of a sufficient link or connection

between the defendants' alleged actions and the claimed deprivation.  See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Specifically, where defendant Nurse Gandy is concerned, plaintiff alleges in his amended complaint that she knew Nurses Rodriguez and Green were not providing him with his prescribed heart medication but took no action and participated in the cover-up by "signing off" indicating that he had received his medication when in fact, he had not.  Plaintiff also alleges that defendant Nurse Gandy failed to properly supervise Nurse Rodriguez because she knowingly allowed Nurse Rodriguez to continue her misconduct.  (Am. Compl. at 5-10.)

Based on these allegations, the court finds that plaintiff's amended complaint states a cognizable claim for relief against defendant Nurse Gandy for interfering with his prescribed medical care.  See Estelle, 429 U.S. at 104-05 (deliberate indifference may manifest "by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed"); Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000) (a prisoner may establish deliberate indifference by showing that a prison official intentionally interfered with his medical treatment); Wakefield v. Thompson, 177 F.3d 1160, 1165 & n.6 (9th Cir. 1999) ("a prison official acts with deliberate indifference when he ignores the instructions of the prisoner's treating physician or surgeon.").  The court also finds that plaintiff's amended complaint alleges a sufficient causal connection between defendant Nurse Gandy's supervisory conduct and the purported constitutional violation.  See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (Holding that a supervisory defendant may be held liable "'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'") (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).

As noted above, pro se pleadings are held to a less stringent standard than those drafted by lawyers, and the court is required to construe such pleadings liberally.  Liberally

construed, plaintiff's amended complaint states a cognizable claim for relief under the Eighth Amendment against defendant Nurse Gandy. See Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (on a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.")).

Accordingly, defendant Nurse Gandy's motion to dismiss for failure to state a claim should be denied.

II. Motion Pursuant to Non-Enumerated Rule 12(b)

The court now turns to counsel's contention that plaintiff failed to exhaust his administrative remedies, as required, with respect to his claims against defendant Nurse Gandy. By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a

material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress through three levels of review. See id. § 3084.7. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense. See Jones v. Bock, 549 U.S.199, 216 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003). The defendants bear the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005). On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

In this case, the court finds that plaintiff failed to exhaust his constitutional claims against defendant Nurse Gandy prior to filing his amended complaint, the operative pleading in this action. To satisfy the exhaustion requirement, a prisoner is not required to name all of the individuals in his administrative appeal that he later decides to name in his lawsuit. Jones, 549 U.S. at 219 (2007) ("exhaustion is not per se inadequate simply because an individual later sued was not named in the grievances."). Nor is a prisoner required to allege every fact necessary to state or prove a legal claim in his administrative appeal. See Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (absent a prison grievance procedure statement to the contrary, "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'") (quoting Strong v. Davis, 297 F.3d 646, 650 7th Cir. 2022)). However, the primary purpose of

8

an administrative appeal is "to notify the prison of a problem." Id. at 1120. In this regard, at a minimum, a prisoner must "provide enough information . . . to allow prison officials to take appropriate responsive measures." Id. at 1121.

For example, in a recent case from this district a prisoner brought a § 1983 action against two defendant doctors alleging that they were deliberately indifferent to the plaintiff's serious medical needs in connection with a severe wrist infection. See Sanchez v. Penner, No. CIV S-07-0542 MCE EFB P, 2008 WL 544591 (E.D. Cal. Feb. 26, 2008), aff'd No. 09-17837, 2011 WL 2214126 (9th Cir. June 28, 2011).[2] One of the defendants moved to dismiss the case due to plaintiff's failure to exhaust his administrative remedies prior to filing suit, arguing that plaintiff's administrative appeal concerning his wrist infection failed to mention the moving defendant doctor. Id. at *6. This court made clear that plaintiff's failure to identify the moving defendant doctor in his administrative appeal was not dispositive and explained that the proper analysis was whether plaintiff's administrative allegations fairly allowed prison officials to resolve the dispute between the parties before plaintiff filed suit against the moving defendant. Id. at *6. Under that proper analysis, the court observed that plaintiff's administrative appeal focused solely on the non-moving doctor's alleged conduct and therefore failed to provide prison officials with notice that plaintiff had experienced any problem with the moving defendant doctor. Id. at *7. In this regard, the court explained:

> California's prison grievance procedure requires that a prisoner "describe the problem and the action requested." Plaintiff's initial grievance asserts that plaintiff went to the medical clinic on January 23, 2006, for pain and swelling in his right wrist and that Dr. Penner misdiagnosed him and failed to provide adequate treatment. That claim asserted a single visit to the clinic that day in which, allegedly, the doctor who examined him mistakenly diagnosed his condition. In the complaint before this court, plaintiff alleges that he went to the clinic in the morning, when he saw Dr. Wedell, and then went to the clinic again later in the day, when he saw Dr. Penner. There is no suggestion in the grievance

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

> that plaintiff went to the clinic before his visit to Dr. Penner. The implication in the grievance is that he was dissatisfied with the treatment he received during what turns out to be his second visit to the clinic that day, and with the subsequent delay in receiving adequate medical care. Nothing in the record suggests that during the appeals process plaintiff told prison officials that when he saw Dr. Penner, it was his second visit to the clinic, or that he was dissatisfied with his treatment at the first visit. Thus prison officials had no notice that plaintiff's problem in any way involved two visits to the medical clinic on January 23, 2006, or any issue other than the diagnosis and treatment received on the one visit he specified. This did not fairly present the prison official [with] an opportunity to resolve the dispute as to what diagnosis and treatment occurred at the first visit to the clinic that day and plaintiff failed to exhaust as to that claim.

Id. at *7. As noted above, the Ninth Circuit Court of Appeals recently affirmed the district court's decision to grant Dr. Wedell's motion to dismiss in the Sanchez case, citing the decision in Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010), for the proposition that "[a] grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress." 2011 WL 2214126, at *1.

Similarly, in another case a prisoner brought a § 1983 action against three defendants alleging that they had engaged in the use of excessive force against him during an incident on January 29, 2002. See Todd v. LaMarque, No. C 03-3995 SBA, 2007 WL 1982789 (N.D. Cal. July 2, 2007). The U.S. District Court for the Northern District Court dismissed plaintiff's claims against two of the three defendants, Chavez and Lord, for failure to exhaust administrative remedies because plaintiff's administrative appeal did not mention either Chavez or Lord and therefore prison officials did not have a fair opportunity to respond to plaintiff's claims against them. Plaintiff filed a motion for reconsideration after the U.S. Supreme Court clarified the standards governing exhaustion of administrative remedies in Jones. Id. at *1. In denying plaintiff's motion, the district court explained:

> To properly exhaust, Todd was not required to specifically name anyone. He was, however, required "to describe the problem and action requested." Todd's description of the problem centers around the actions of one person: Garcia. The grievances briefly mention "other officers," but there is no suggestion that these other

>officers were part of the problem as identified by Todd.  And nowhere does Todd request any action be taken against anyone other than defendant Garcia.  At one point Todd asks that Garcia's employment be terminated or that he be required to take counseling.  At another point, Todd requests that justice be administered against Garcia.  But no action is requested with respect to anyone else.  Thus, even under the minimal standards for filing a grievance under California law, Todd did not pursue or exhaust administrative remedies against Chavez or Lord.

Id. at *3.

Finally, in another case from this district a female prisoner brought a § 1983 action against the defendant correctional officer alleging that he sexually harassed, assaulted, and battered her.  She also named the officer's supervisors, Tilton and Yates, as defendants.  See Delaney v. Tilton, No. 1:07-cv-01219 LJO DLB PC, 2008 WL 5054106 (E.D. Cal. Nov. 19, 2008).  The supervisory defendants moved to dismiss plaintiff's claims on the grounds that her administrative appeal did not provide prison officials with notice that she had a complaint for any supervisory failures.  Id. at *2.  The court reviewed plaintiff's administrative appeal and observed as follows.  Plaintiff had complained about the defendant correctional officer's sexual assault of her on at least six separate occasions.  She also mentioned that the Internal Affairs Office interviewed the defendant correctional officer and that she subsequently wrote to the Bureau of Prisons and learned that an internal investigation of the matter was ongoing.  In terms of relief, plaintiff requested in her administrative appeal that prison officials fire the defendant correctional officer, that the state prosecute him, and that she receive compensation as a result of the damage inflicted on her.  As an initial matter, the court agreed with plaintiff that she did not need to name particular defendants in her administrative grievance in order to satisfy the exhaustion requirement.  Id. at *2.  However, the court explained:

>[I]f an inmate is to file suit on the basis of wrongdoing by a prison official, that inmate must file an appeal which places officials on notice as to the basis of that wrong doing.  The failure to do so deprives officials of any opportunity to review and take action on the alleged wrongdoing.  In this instance, the appeal did not place officials on notice of Plaintiff's claims that the alleged conduct by defendant Ramirez Jr. was due to failure by prison officials in

11

> training its correctional officers, or that supervisory personnel knew of the alleged violations and failed to prevent them. Nowhere in the appeal does Plaintiff complain that there was a failure to adequately train correctional officers, or that any supervisors were liable or negligent. The Court is unpersuaded by Plaintiff's argument that the claims against defendants Yates and Tilton are incidental to the exhausted claims and need not be specifically alleged in her grievance. To hold so would broaden the scope of any grievance filed to allow for supervisory defendants where no such allegations are raised, and consequently no notice provided. (internal citations omitted)

Id. at *3. See also Cruz v. Tilton, No. 1:06-cv-0883 DLB (PC), 2009 WL 3126518 at *6 (E.D. Cal. Sept. 24, 2009) ("Plaintiff makes no allegations regarding any person's failure to train, supervise, or discipline prison staff for misconduct in the grievance. Plaintiff did not alert officials as to his problems with the supervision of prison staff. Thus, Plaintiff does not exhaust his claims . . . ."); Munguia v. Frias, Civil No. 09cv1016 K(AJB), 2009 WL 3157482 at *6 (S.D. Cal. Sept. 24, 2009) ("While it is acknowledged that 'a grievance . . . need not contain every fact necessary to prove each element of an eventual legal claim' the factual allegations and legal claims properly raised in the Logs could not reasonably lead a reviewing prison [official] to conclude that the alleged misconduct was, in any way, the product of any policy set out or ratified by administrators or supervisory personnel.").

In this case, liberally construed, plaintiff's allegations set forth in Appeal Log # SAC-10-08-13367 are insufficient to exhaust his administrative remedies against defendant Nurse Gandy. In that prisoner grievance, plaintiff complained that Nurse Rodriguez constantly signed off on his print-out of medications to indicate that plaintiff was receiving his high blood pressure medication when, in fact, he had not been receiving that medication. Nurse Rodriguez denied that she engaged in any such conduct, but plaintiff insisted that she would simply tell him not to worry and that his medication would be refilled. In plaintiff's view, Nurse Rodriguez was deliberately trying to cover up her misconduct in this regard. In terms of relief, plaintiff specifically requested in his administrative appeal that prison officials fire Nurse Rodriguez. (Def.'s Ex. A., Attach. 1, Pl.'s Opp'n Ex. A.)

        The parties do not dispute, and the court finds, that plaintiff pursued his administrative appeal through the director's level of review.  However, plaintiff's allegations could not have alerted prison officials to any problem he allegedly experienced with defendant Nurse Gandy.  Similar to the plaintiffs in Sanchez and Todd discussed above, plaintiff's description of his problem in his prison grievance, Appeal Log # SAC-10-08-13367, was focused solely on the alleged conduct of one person, Nurse Rodriguez.  Plaintiff's administrative appeal did not reference defendant Nurse Gandy's alleged interference with his medication or indicate that plaintiff had any problem whatsoever with the medical care provided to him by defendant Nurse Gandy.  Moreover, similar to the plaintiff in Delaney discussed above, plaintiff's description of his problem to prison officials did not mention any failure by defendant Nurse Gandy to train or supervise Nurse Rodriguez. (Def.'s Ex. A., Attach. 1, Pl.'s Opp'n Ex. A.)

        In addition, insofar as plaintiff mentioned defendant Nurse Gandy at all in his administrative appeal, he indicated that he was in fact satisfied with the medical care provide by her and with supervision of Nurse Rodriguez.  In this regard, plaintiff mentions defendant Nurse Gandy twice in his administrative appeal.  First, he noted that, on August 12, 2008, a sergeant called medical personnel after he asked Nurse Rodriguez about improperly signing off on his medication print-out.  Defendant Nurse Gandy, accompanied by Nurse Rodriguez, responded to the call and, after reviewing the print-out, ordered that plaintiff receive all of his medications by noon that same day.  Second, while plaintiff described Nurse Rodriguez's conduct as malpractice and as reflecting deliberate indifference to his serious medical needs, he noted that others, particularly defendant Nurse Gandy, performed Nurse Rodriguez's duties for her. (Def.'s Ex. A., Attach. 1, Pl.'s Ex. A.)

        Finally, the court notes that even as plaintiff pursued his administrative appeal through the higher levels of review, he never complained about defendant Nurse Gandy's alleged

/////

/////

conduct.³ Nor did prison officials indicate in their decisions that they knew he had a problem or issue with the medical care provide by defendant Nurse Gandy's or her supervision of Nurse Rodriguez.  For example, after defendant Nurse Gandy herself interviewed plaintiff in connection with his administrative appeal at the first level and denied that appeal, plaintiff appealed to the second level of appeal.  Nonetheless, plaintiff never described defendant Nurse Gandy's alleged conduct as part of the problem he was experiencing in his second level appeal either.  Rather, he wrote that he was dissatisfied with the first level decision because he had received a copy of his medication print-out from Nurse Green, and it demonstrated in his view that Nurse Rodriguez continually signed off on medication he had not received.  Likewise, at the third level of review, plaintiff repeated his contention that Nurse Rodriguez never gave him his medication but signed off on his medication print-out as if she had.  Plaintiff also complained that no one fully investigated this matter.  Once more, however, plaintiff failed to provide prison officials with any notice that he had a complaint with defendant Nurse Gandy's conduct. (Def.'s Ex. A., Attach. 1, Pl.'s Ex. A.)

Under these circumstances, the court cannot say that plaintiff's administrative appeal gave prison officials a fair opportunity to respond to the claims he has now presented against defendant Nurse Gandy in this action.⁴  In this regard, defendant Nurse Gandy has carried the burden of raising and proving the affirmative defense of failure to exhaust administrative remedies. See Jones, 549 U.S. at 216.  Accordingly, the pending motion to dismiss based on

---

³ In any event, the California Code of Regulations, title 15, § 3084.5 requires an inmate to present new complaints at the first level of the administrative process. See Sapp v. Kimbrell, 623 F.3d 813, 825 (9th Cir. 2010) (upholding prison officials' decision to screen out an appeal because the plaintiff had included a new issue at the second level of review).

⁴ The court notes that although plaintiff pursued other inmate appeals regarding the medical care he received, he either voluntarily withdrew those appeals before reaching the director's level of review (Appeal Log # SAC-10-08-13535), and/or they are not relevant to the allegations in his amended complaint against defendant Nurse Gandy (Appeal Log # SAC-10-09-10280, Appeal Log # SAC-10-09-10991, Appeal Log # SAC-10-09-11774, Appeal Log # SAC-10-10-11906). (Def.'s Ex. A, Attach. 2-5, Pl.'s Exs. B-F.)

plaintiff's failure to exhaust administrative remedies prior to filing this action against defendant Nurse Gandy should be granted.

### OTHER MATTERS

Plaintiff has filed motion to supplement his amended complaint with additional allegations against defendant Nurse Gandy.  If these findings and recommendations are adopted, however, defendant Nurse Gandy will be dismissed from this action.  Accordingly, the court will recommend that plaintiff's motion to supplement his amended complaint be denied as moot.

### CONCLUSION

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Defendant Gandy's motion to dismiss (Doc. No. 20) be granted in part and denied in part as follows:

   a. Defendant's motion to dismiss pursuant to Rule 12(b)(6) be denied;

   b. Defendant's motion to dismiss pursuant to unenumerated Rule 12(b) be granted; and

2. Plaintiff's motion to supplement his complaint (Doc. No. 37) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are

/////

/////

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: December 7, 2011.

                                      _____
                                      DALE A. DROZD
6  DAD:9                               UNITED STATES MAGISTRATE JUDGE
   mald1944.57