IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIO MALDONADO,

    Plaintiff,                             No. CIV S-10-1944 GEB DAD P

    vs.

RODRIGUEZ, et al.,

    Defendants.                       FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is before the court on a motion to dismiss brought on behalf of defendant Green. Plaintiff has filed an opposition to the motion. Counsel for defendant Green has not filed a reply.

**BACKGROUND**

        Plaintiff is proceeding on an amended complaint against defendant Nurses Green and Rodriguez.[1] Therein, plaintiff alleges that his doctors prescribed him heart medication after

---

[1] Defendant Nurse Rodriguez has not appeared in this action due to service issues. On July 6, 2011, the court advised plaintiff that if he wished to proceed against defendant Rodriguez, it would be necessary for him to provide the court with additional information that would enable the United States Marshal to serve that defendant. Plaintiff asked for a sixty-day extension of time in which to respond. Although the court granted him the additional time requested, plaintiff

1

he underwent heart surgery in December 2007. According to plaintiff, in August 2008, the defendant nurses refused to provide him with his medication and falsified his medical records to indicate that they had given him the prescribed medication when in fact, they had not. Plaintiff alleges that he ultimately was required to undergo a second heart surgery as a result of the defendant nurses' refusal to provide him with proper medical care. In terms of relief, plaintiff requests a declaratory judgment and monetary damages. (Am. Compl. at 1-10 & Ex. H.)

## PROCEDURAL HISTORY

On March 28, 2011, the court determined that plaintiff's amended complaint appeared to state cognizable claims against defendant Nurses Gandy, Green, and Rodriguez. On August 9, 2011, defendant Gandy filed a motion to dismiss the complaint for failure to state a claim and due to plaintiff's failure to exhaust his administrative remedies prior to filing suit. Defendants Green and Rodriguez were not parties to that motion because they had not yet appeared in this action due to service issues. On December 8, 2011, the undersigned issued findings and recommendations, recommending that defendant Gandy's motion pursuant to unenumerated Rule 12(b)(6) be granted and that defendant Gandy be dismissed from this action. On January 19, 2012, the assigned district judge adopted those findings and recommendations in full and dismissed defendant Gandy.

On January 6, 2012, defendant Green filed the pending motion to dismiss for failure to state a claim and for failure to exhaust administrative remedies. Defendant Rodriguez, who as noted has not appeared in this action due to service issues, is not a party to this motion.

---

subsequently reported that he was unable to provide the court with defendant Rodriguez's proper address. On November 3, 2011, the court ordered Supervising Deputy Attorney General Monica Anderson to take all steps necessary to assist the United States Marshal in locating defendant Rodriguez's proper address. In response to the court's order, defense counsel informed the court that prison officials obtained the last known address for defendant Rodriguez and provided it to the United States Marshal. However, once again, the United States Marshal was unable to effect service on defendant Rodriguez based on the information provided. Under these circumstances, and as explained further in this order, the court will recommend that defendant Rodriguez be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

**DEFENDANT'S MOTION TO DISMISS**

I. <u>Defendant Nurse Green's Motion</u>

  Counsel on behalf of defendant Green has filed the pending motion to dismiss arguing, <u>inter</u> <u>alia</u>, that plaintiff failed to exhaust his administrative remedies prior to bringing suit as required. Specifically, counsel contends that plaintiff's primary complaint as expressed in his inmate appeal was that Nurse Rodriguez failed to provide him with blood pressure medication and falsified records to show that she had given him medication when she had not. Counsel contends that in his inmate grievance plaintiff did not complain to prison officials about defendant Nurse Green's alleged conduct. In fact, according to defense counsel, in his inmate grievance plaintiff only mentioned defendant Nurse Green twice. The first time he acknowledged that Nurse Green had provided him with a print out of his medications as he had requested. The second time he affirmed that Nurse Green had "performed her duties." Defense counsel contends that by these brief references to Nurse Green in his inmate grievances, plaintiff failed to satisfy the exhaustion requirement with respect to any claim of inadequate medical care against defendant Nurse Green. (Def.'s Mot. to Dismiss at 4-8 & Ex. A & Attach. 1.)

II. <u>Plaintiff's Opposition</u>

  In opposition to defendant Nurse Green's motion to dismiss, plaintiff argues that he has exhausted his administrative remedies with respect to defendant Nurse Green prior to filing suit. Specifically, plaintiff contends that he complained in his inmate grievance that he was receiving inadequate medical care and that he was unnecessarily put at risk. Plaintiff argues that his failure to mention defendant Green in any more detail in his inmate grievance is not grounds for dismissal for failure to exhaust administrative remedies. Plaintiff also argues that defense counsel has taken his words out of context by arguing that plaintiff stated defendant Nurse Green "performed her duties." In truth, plaintiff contends that in that part of his inmate grievance he was only making reference to what a different nurse had said with regard to defendant Nurse

/////

Green providing him with a medication administration report print out. (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 2-3.)

**ANALYSIS**

I. <u>Legal Standards Applicable to a Motion to Dismiss Pursuant to Non-Enumerated Rule 12(b)</u>

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. <u>Id.</u> at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. <u>Woodford v. Ngo</u>, 548 U.S. 81, 90-93 (2006).

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress through three levels of review. <u>See</u> <u>id.</u> § 3084.7. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation and exhausts a prisoner's administrative remedies. <u>See</u> <u>id.</u> § 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate

/////

level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense. See Jones v. Bock, 549 U.S.199, 216 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003). The defendants bear the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005). On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

II. Discussion

In this case, the court finds that plaintiff failed to exhaust his constitutional claims against defendant Nurse Green prior to filing his amended complaint, the operative pleading in this action. As the court previously explained when it issued findings and recommendations in response to defendant Gandy's motion to dismiss (See Doc. No. 39), in order to satisfy the exhaustion requirement, a prisoner is not required to name all of the individuals in his inmate grievance or administrative appeal that he later decides to name in his lawsuit. Jones, 549 U.S. at 219 ("[E]xhaustion is not per se inadequate simply because an individual later sued was not named in the grievances."); Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) ("[N]othing in the [PLRA] imposes a 'name all defendants' requirement.") (quoting Jones, 549 U.S. at 217). Nor is a prisoner required to allege every fact necessary to state or prove a legal claim in his administrative appeal. See Sapp, 623 F.3d at 824 ("A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress."); Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (absent a prison grievance procedure statement to the contrary, "'a grievance suffices if it alerts the prison to the nature of the wrong for which

redress is sought.'"). Rather, the primary purpose of an administrative appeal is "to notify the prison of a problem." Griffin, 557 F.3d at 1120. In order to satisfy that purpose, at a minimum a prisoner must "provide enough information . . . to allow prison officials to take appropriate responsive measures." Id. at 1121. See also Sanchez v. Penner, No. CIV S-07-0542 MCE EFB P, 2008 WL 544591 (E.D. Cal. Feb. 26, 2008) (plaintiff's administrative appeal which focused solely on the Dr. Penner's alleged conduct and therefore failed to provide prison officials with notice that plaintiff had experienced any problem with the Dr. Wedell's alleged conduct on the same day), aff'd No. 09-17837, 2011 WL 2214126 (9th Cir. June 28, 2011)[2]; Todd v. LaMarque, No. C 03-3995 SBA, 2007 WL 1982789 (N.D. Cal. July 2, 2007) (even under Jones, because plaintiff's administrative appeal focused solely on the alleged conduct of one defendant and did not suggest that others were part of the problem he identified, plaintiff failed to exhaust his administrative remedies with respect to claims against other defendants).

      Liberally construed, plaintiff's allegations set forth in his inmate grievance Appeal Log # SAC-10-08-13367 are insufficient to exhaust his administrative remedies with respect to any claim against defendant Nurse Green. In that inmate grievance, plaintiff complained that Nurse Rodriguez had consistently signed off on his print-out of medications so as to indicate plaintiff was receiving his high blood pressure medication when, in fact, he was not. Nurse Rodriguez denied that she engaged in any such conduct, but plaintiff insisted that she would simply tell him not to worry and that his medication would be refilled. In plaintiff's view, as expressed in the grievance, Nurse Rodriguez was deliberately attempting to cover up her misconduct. In terms of relief, plaintiff specifically requested in his administrative appeal that prison officials fire Nurse Rodriguez. (Def.'s Ex. A., Attach. 1 & Pl.'s Am. Compl. Attach.)

      The parties do not dispute, and the court finds, that plaintiff pursued his administrative appeal through the director's level of review. However, plaintiff's allegations

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

contained in his inmate grievance could not have alerted prison officials of any problem he was allegedly experiencing with defendant Nurse Green.  Specifically, plaintiff's description of his problem in his prison grievance, Appeal Log # SAC-10-08-13367, was focused solely on the alleged conduct of one person, Nurse Rodriguez.  Plaintiff's administrative appeal did not reference any alleged failure to provide plaintiff with adequate medical care or an involvement in any falsification of his medical records on the part of Nurse Green.  (Def.'s Ex. A., Attach. 1 & Pl.'s Am. Compl. Attach.)

More importantly, to the extent plaintiff mentioned defendant Nurse Green in his inmate grievance, he affirmatively indicated that he was in fact satisfied with the medical care provide by her and that she had performed her duties.  First, plaintiff noted that, on August 8, 2008, he asked defendant Nurse Green for a print out of his medications, which she provided.  That same day she asked for the print out back, and he returned it for her.  Second, plaintiff noted that Nurse Edmonds told him that defendant Nurse Green was "fired" for helping him and others.  In plaintiff's view, as expressed in his inmate grievance, "it was apparent that Nurse Rodriguez did not appreciate Nurse Green helping me."  Plaintiff then described in his grievance Nurse Rodriguez's conduct as malpractice and as reflecting deliberate indifference to his serious medical needs, and noted that others, including Nurse Green, had to perform Nurse Rodriguez's duties for her.  (Def.'s Ex. A., Attach. 1 & Pl.'s Am. Compl. Attach.)

Finally, the court notes that even as plaintiff pursued his administrative appeal through the higher levels of review, he never once complained about defendant Nurse Green's conduct.[3]  For example, at the second level of review, plaintiff mentioned defendant Nurse Green, but he did not complain about the medical care she provided to him.  Rather, he stated therein only that he was dissatisfied with the first level decision because he had received a copy

---

[3] In any event, the California Code of Regulations, title 15, § 3084.5 requires an inmate to present new complaints at the first level of the administrative process.  See Sapp v. Kimbrell, 623 F.3d 813, 825 (9th Cir. 2010) (upholding prison officials' decision to screen out an appeal because the plaintiff had included a new issue at the second level of review).

7

of his medication print-out from Nurse Green, and it demonstrated, in his view, that Nurse Rodriguez consistently signed off on medication he had not received. Again, the nature of the alleged wrong plaintiff presented in his inmate grievance was specifically limited to the conduct of Nurse Rodriguez. See McCollum v. California Dept. of Corrections and Rehabilitation, 647 F.3d 870, 876-77 (9th Cir. 2011) (affirming dismissal for failure to exhaust administrative remedies where the prisoner's grievance was based on a discrete incident but his civil action alleged a continuing violation). Likewise, at the third level of review, plaintiff repeated his contention that Nurse Rodriguez never gave him his medication but signed off on his medication print-out as if she had. Plaintiff also complained that no one fully investigated the matter about which he was complaining. Once more, however, plaintiff failed to provide prison officials with any notice that he had a complaint with any conduct in which defendant Nurse Green was involved or with any inaction on her part. (Def.'s Ex. A., Attach. 1 & Pl.'s Am. Compl. Attach.) Rather, plaintiff affirmatively expressed satisfaction with Nurse Green.

The court recognizes that under the holdings in Jones and Sapp a prisoner is not required to name all defendants in his inmate grievance that he eventually names in his suit once his administrative remedies are exhausted. However, a prisoner cannot specifically exonerate an prison official in his administrative grievance and then name them as a defendant in a subsequently filed civil action.[4] Under these circumstances, the court cannot say that plaintiff's administrative appeal gave prison officials a fair opportunity to respond to the claims he has now presented against defendant Nurse Green in this action.[5] Therefore, the court finds that defendant

---

[4] It may be that plaintiff has been motivated to pursue this civil action against defendant Nurse Green because he has been unable to effect service on defendant Nurse Rodriguez who was the subject of the allegations of his inmate grievance.

[5] Although plaintiff pursued other grievances regarding medical care, he either voluntarily withdrew those appeals before the director's level of review (Appeal Log # SAC-10-08-13535), and/or they are not relevant to the allegations in his amended complaint against Nurse Green (Appeal Log # SAC-10-09-10280, Appeal Log # SAC-10-09-10991, Appeal Log # SAC-10-09-11774, Appeal Log # SAC-10-10-11906). (Def.'s Ex. A, Attach. 2-5, Pl.'s Exs. B-F.)

1  Nurse Green has carried the burden of raising and proving the affirmative defense of failure to
2  exhaust administrative remedies. See Jones, 549 U.S. at 216. Accordingly, the pending motion
3  to dismiss based on plaintiff's failure to exhaust administrative remedies prior to filing this civil
4  action against defendant Nurse Green should be granted.[6]

## OTHER MATTERS

As noted above, defendant Rodriguez still has not appeared in this action due to service issues. Plaintiff has had more than sufficient time to provide the court with the additional information necessary to enable the United States Marshal to serve this defendant. In addition, the court enlisted the help of the Attorney General's Office to locate defendant Rodriguez to no avail. Under the circumstances of this case, the undersigned finds that plaintiff cannot show good cause for the failure to effect service on this defendant Rodriguez. Accordingly, defendant Rodriguez should be dismissed from this action. See Fed. R. Civ. P. 4(m).

Finally, plaintiff has filed a motion for sanctions. Therein, plaintiff contends that defense counsel sought on behalf defendant Green a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure when plaintiff had not actually served her with any discovery requests. In plaintiff's view the defendants are attempting to stifle his prosecution of this case. If these findings and recommendations are adopted in full, all remaining defendants will be dismissed. The case will not proceed to discovery, and instead, this action will be closed. Accordingly, the court will recommend denying plaintiff's motion for sanctions as moot.

/////
/////
/////

---

[6] Defendant Nurse Green also argues in the pending motion to dismiss that plaintiff's amended complaint should be dismissed under Rule 12(b)(6) because the exhibits attached to it contradict his allegations that defendant Green violated his right to medical care. In light of the court's findings and recommendations herein, recommending that this action against defendant Green be dismissed for failure to exhaust administrative remedies, the court declines to address this alternative argument.

**CONCLUSION**

IT IS HEREBY RECOMMENDED that:

1. Defendant Green's motion to dismiss pursuant to unenumerated Rule 12(b) (Doc. No. 41) be granted;

2. Defendant Rodriguez be dismissed from this action without prejudice;

3. Plaintiff's motion for sanctions (Doc. No. 51) be denied as moot; and

4. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 25, 2012.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mald1944.57(2)